RYAN RAYBOULD
United States Attorney
Northern District of Texas

DOUGLAS B. BRASHER
Special Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce St., Third Floor
Dallas, Texas 75242
Telephone: 214-659-8600
douglas.brasher@usdoj.gov

Acting Under Authority
Conferred by 28 U.S.C. § 515

Attorneys for Plaintiff

☑ FILED        ___ LODGED
___ RECEIVED    ___ COPY

FEB 1 0 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No.   CR-26-00122-PHX-KML (ASB) |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| vs. | VIO:   18 U.S.C. § 1349 |
| 1. Gilberto Ramirez Salinas (Counts 1-4) | (Conspiracy to Commit Health Care Fraud) Count 1 |
| and | 18 U.S.C. § 1347 (Health Care Fraud) Counts 2 through 7 |
| 2. Lisa Noelle Salinas (Counts 1, 5-7) | 18 U.S.C. § 982(a)(7) and (b); 21 U.S.C. §§ 853(p) |
| Defendants. | (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

**General Allegations**

1.     As set forth more fully below, the defendants, **Gilberto Ramirez Salinas** and **Lisa Noelle Salinas**, together with others known and unknown to the grand jury, conspired to execute a scheme to defraud the Federal Employees Health Benefit Program, by submitting, and causing to be submitted, claims for hearing aids that contained

materially false and fraudulent diagnosis codes, were medically unnecessary, and were predicated on fraudulent marketing practices.

### The Health Care Benefit Program

2.    The Federal Employees Health Benefit Program ("FEHBP") is a federally funded health care benefit program provided by the federal government for federal employees, retirees, and their eligible spouses and dependent children.  Individuals who receive benefits are referred to as "members," "subscribers," or "beneficiaries."

3.    The Office of Personnel Management ("OPM") administers the FEHBP. Payroll offices from all federal agencies collect health insurance premiums and forward the money to OPM's revolving trust account maintained at the U.S. Treasury.  OPM contracts with a number of different health insurance plan administrators, such as Blue Cross and Blue Shield ("BCBS"), Aetna, and Government Employees Health Association.  These insurance plan administrators process and pay health care claims on behalf of the FEHBP program.  The FEHBP and each plan administrator is a "health care benefit program" as defined by 18 U.S.C. § 24(b) and as that term is used in 18 U.S.C. § 1347.

4.    OPM reimburses contracted health insurance plan administrators for 100% of the health care claims they pay, and 100% of their administrative expenses, plus a negotiated service charge.  Funds to pay the health insurance plan administrators are drawn from OPM's revolving trust fund account at the U.S. Treasury.

5.    To receive payment for an item or service provided to an FEHBP beneficiary, a health care provider, including a provider of medical devices such as hearing aids, must submit a claim, either electronically or on paper to the beneficiary's plan administrator.  Providers must list the following information, among other things, in the claim:  (i) their National Provider Identifier ("NPI") number, (ii) the patient's demographic information, (iii) a description of the item or service provided using a standardized code found in the Current Procedural Terminology ("CPT") Manual, which is published by the American Medical Association, or the HCPCS Level II manual,

which is published by CMS, (iv) the patient's diagnosis using a standardized International Classification of Diseases or "ICD" code; (v) the location where the service was provided, and (vi) the date of service.

6.     FEHBP and its contracted insurance plan administrators operate on a system of trust.  That is, FEHBP and the plan administrators rely on the information submitted in claims to be true and accurate and do not ordinarily review patient records or other documents before adjudicating and paying claims.

7.     FEHBP plans administered by BCBS provided coverage for hearing aids, up to $2,500 every three years, provided they were medically necessary.  Although certain hearing aid devices may help individuals with diagnosed hearing loss avoid additional or worsening hearing loss, no FEHBP plan provided coverage for hearing aids solely for the purpose of hearing protection or to avoid future anticipated hearing loss in the absence of a current medical need for a hearing aid.

### Defendants

8.     **Gilberto Ramirez Salinas ("Gilbert")**, a resident of Phoenix, Arizona, was licensed by the State of Arizona as a Hearing Aid Dispenser (License No. HAD1990).

9.     **Lisa Noelle Salinas ("Lisa")**, a resident of Phoenix, Arizona, was licensed by the State of Arizona as a Hearing Aid Dispenser (License No. HAD1440).

10.     Between approximately June 2003 and January 2023, **Gilbert** and **Lisa** co-owned and co-operated L & G Hearing Aid Centers, Inc. ("L&G"), an Arizona corporation that did business under the name Abbott Hearing Aid Centers.  **Lisa** served as the President of L&G and was primarily responsible for an Abbot Hearing Aid Center located at 1485 North Dysart Road in Avondale, Arizona.  **Gilbert** served as the Secretary of L&G and was primarily responsible for an Abbot Hearing Aid Center located at 4001 East Bell Road in Phoenix, Arizona.

## Count 1

## Conspiracy to Commit Health Care Fraud

### (Violation of 18 U.S.C. § 1349)

11. The factual allegations set forth in paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

12. Between on or about September 11, 2018, and continuing through on or about December 13, 2022, in the District of Arizona, the defendants, **Gilberto Ramirez Salinas** and **Lisa Noelle Salinas** did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the grand jury, to violate 18 U.S.C. § 1347, that is, to devise and to execute a scheme and artifice (i) to defraud a health care benefit program affecting commerce, that is, the FEHBP, and (ii) to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, the FEHBP, in connection with the delivery of, and payment for, health care benefits and items, namely, hearing aids.

### Purpose of the Conspiracy

13. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by inducing FEHBP beneficiaries to purchase hearing aids from Abbott Hearing Aid Centers by representing the devices as hearing protection, and promising that they would be covered by the beneficiary's insurance.

14. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by submitting materially false and fraudulent claims to FEHBP plan administrators to induce the plan administrators to approve and pay claims.

### Manner and Means of the Conspiracy

15. The manner and means by which the defendants and their co-conspirators sought to accomplish the purposes of the conspiracy included, among other things:

**The Scheme to Defraud**

16.     Between on or about September 11, 2018, and continuing through on or about December 13, 2022, **Gilbert** and **Lisa** executed a scheme to defraud the FEHBP, by submitting, and causing to be submitted, claims for hearing aids that: (a) contained materially false and fraudulent diagnosis codes, (b) were medically unnecessary, and (c) were predicated on fraudulent marketing practices.

17.     As part of the scheme and artifice to defraud, the defendants marketed hearing protection devices to federal law enforcement officers with the representation that the devices were covered by the beneficiary's health insurance, were "free," or would otherwise be provided at no cost to the beneficiary.  The defendants represented that the devices could be used around gunfire, on the job, or on a shooting range.

18.     As part of the scheme and artifice to defraud, the defendants encouraged FEHBP beneficiaries to refer their family members and coworkers to obtain their own hearing protection devices, regardless of whether those individuals were exposed to gunfire or other loud noises.

19.     As part of the scheme and artifice to defraud, the defendants dispensed hearing aid devices to FEHBP beneficiaries that were medically unnecessary, that is, the beneficiaries had normal hearing, did not have a hearing impairment or problem, and came to the defendants' offices seeking hearing protection.

20.     As part of the scheme and artifice to defraud, the defendants dispensed hearing aid devices to FEHBP beneficiaries without regard to medically necessity, that is, they dispensed hearing aid devices without performing a hearing exam or after conducting a cursory hearing screening.

21.     As part of the scheme and artifice to defraud, the defendants submitted, and caused to be submitted, claims listing false and fraudulent diagnosis codes to FEHBP plan administrators.  Most claims listed ICD-10 diagnosis code H93.A9, indicating a diagnosis of pulsatile tinnitus, a rare form of tinnitus, in which patients report hearing rhythmic thumping or whooshing sounds, as opposed a constant ringing in the ears heard

by those with non-pulsatile tinnitus. The defendants used this diagnosis code despite patients not reporting any problems with hearing a ringing, thumping, whooshing, or any other constant or pulsating noise in the ears.

22. In early 2020, the defendants learned that Aetna denied the defendants' claims for FEHBP beneficiaries because Aetna considered hearing aids to be "experimental" for the treatment of tinnitus. The defendants resubmitted the denied claims to Aetna with ICD-10 diagnosis code H90.3, indicating a diagnosis of sensorineural hearing loss, the same diagnosis code the defendants frequently used for their "traditional" patients who came to their offices seeking hearing aids for hearing loss. The defendants thereafter used diagnosis code H90.3 for Aetna FEHBP beneficiaries, despite not performing adequate testing to make a diagnosis of sensorineural hearing loss and despite Aetna FEHBP beneficiaries having normal hearing.

**Counts 2 through 7**

**Health Care Fraud**

**(Violations of 18 U.S.C. § 1347)**

23.     The factual allegations set forth in Paragraphs 1 through 22 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24.     On or about the dates set forth below, in the District of Arizona, the defendants, **Gilberto Ramirez Salinas** and **Lisa Noelle Salinas**, knowingly and willfully executed and attempted to execute the above-described scheme and artifice to defraud the Federal Employees Health Care Benefits Program and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of the Federal Employees Health Care Benefits Program, a health care benefit program as defined by 18 U.S.C. § 24(b), in connection with the delivery of and payment for health care benefits, items, and services, in violation of 18 U.S.C. § 1347, the submission of each claim constituting a separate count:

| Ct. | Defendant | Claim Number | Date | Beneficiary | Amount |
|---|---|---|---|---|---|
| 2 | Gilbert | 01151131511400 | 10/26/2021 | J.J. | $2,500.00 |
| 3 | Gilbert | 01156070606400 | 06/17/2022 | D.B. | $2,500.00 |
| 4 | Gilbert | 01156070606500 | 06/17/2022 | R.B. | $2,500.00 |
| 5 | Lisa | 01150402081300 | 09/13/2021 | M.M. | $2,500.00 |
| 6 | Lisa | 01155622552900 | 05/20/2022 | T.M. | $2,500.00 |
| 7 | Lisa | 01157150623800 | 08/26/2022 | A.W. | $2,500.00 |

All in violation of 18 U.S.C. § 1347.

## **FORFEITURE ALLEGATION**

25.    The factual allegations set forth in Paragraphs 1 through 24 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

26.    Upon conviction of any of the offenses alleged in Counts 1 through 7 of this Indictment, and pursuant to 18 USC § 982(a)(7), the defendants shall forfeit to the United States any property, real or personal, constituting or derived from, directly or indirectly, the gross proceeds traceable to the commission of the offense.  The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

27.    Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above-described property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described property subject to forfeiture.

A TRUE BILL

_____*s/*_____
FOREPERSON OF THE GRAND JURY
Date:  February 10, 2026

RYAN RAYBOULD
United States Attorney
Northern District of Texas


*s/*_____
DOUGLAS B. BRASHER
Special Assistant U.S. Attorney
Acting Under Authority
Conferred by 28 U.S.C. § 515

- 8 -